IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARUN ANIRUDHAN, and <br> ESSEN NUTRITION CORPORATION, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> NISHA ANIRUDHAN, DEVI ARUN <br> SEN, and JITHAN RAJ, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Jury Trial Demanded <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, ARUN ANIRUDHAN ("A. ANIRUDHAN") and ESSEN NUTRITION CORPORATION ("ESSEN"), by and through their undersigned counsel, NATARAJAN WORSTELL LLC, for his Complaint against Defendants, NISHA ANIRUDHAN ("N. ANIRUDHAN"), DEVI ARUN SEN ("SEN"), and JITHAN RAJ ("RAJ") (collectively, the "DEFENDANTS"), hereby allege as follows:

I. **INTRODUCTION**

1. This action seeks to recover damages resulting from the Defendants' theft and misappropriation of business funds from Essen Nutrition Corporation, an Illinois business, for the Defendants' personal benefit.

II. **JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in

controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

3. Plaintiff A. ANIRUDHAN is an individual residing in the State of Illinois.

4. Plaintiff ESSEN is a corporation incorporated in the State of Illinois and operating in the Village of Romeoville, Illinois, since May 23, 1984.

5. Defendants N. ANIRUDHAN, SEN, and RAJ are all citizens of India, and reside in the State of Kerala, India.

6. Defendant N. ANIRUDHAN, upon information and belief, is a United States Green Card holder, but has not resided in the United States since August 2025.

7. Defendants SEN and RAJ, upon information and belief, have never held a United States Green Card.

8. The amount in controversy exceeds $75,000.00.

9. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

III. **PARTIES**

10. Plaintiff A. ANIRUDHAN is the principal and sole owner of ESSEN.

11. Plaintiff ESSEN is primarily involved in the sales of high quality nutrition products and dietary solutions to individuals, wholesale buyers, and private-label buyers.

12. Plaintiff A. ANIRUDHAN's father, Madhavan Anirudhan, was formerly the principal of ESSEN.

13. Madhavan Anirudhan passed away in the Summer of 2025.

14. Thereafter, operation, control and ownership of ESSEN transferred to Plaintiff A. ANIRUDHAN.

15. Defendant N. ANIRUDHAN was married to Madhavan Anirudhan at the time of Madhavan Anirudhan's death.

16. Defendant SEN is the niece of Defendant N. ANIRUDHAN.

17. Defendant SEN works for an India-based company named Essen Fooddies India Pvt Ltd ("FOODDIES").

18. FOODDIES was operated, controlled and owned by Madhavan Anirudhan prior to his death.

19. Defendant RAJ is the nephew of Defendant N. ANIRUDHAN.

20. Defendant RAJ works for FOODDIES.

IV. **FACTUAL ALLEGATIONS**

21. ESSEN was established on May 23, 1984 to operate a business selling nutritional products.

22. As then-principal Madhavan Anirudhan's wife, Defendant N. ANIRUDHAN had access to and control over the business's financial accounts, including bank accounts, credit cards, and accounting software.

23. Defendant N. ANIRUDHAN owed a fiduciary duty to the Plaintiffs to manage ESSEN's finances honestly and in the best interest of the business.

24. Following Plaintiff A. ANIRUDHAN's assumption of operations of ESSEN in 2025, evidence arose indicating that funds were being transferred to FOODDIES without proper documentation over the course of several years.

25. Plaintiff A. ANIRUDHAN initiated a broad investigation into these fund transfers, and obtained additional information from FOODDIES in India.

26. To date, said investigation has shown that in excess of one hundred seventy-nine thousand dollars ($179,000.00) has been improperly transferred from ESSEN to FOODDIES without proper documentation or explanation.

27. Further, said investigation has identified evidence that the improperly transferred funds were sent by Defendant N. ANIRUDHAN to her niece (Defendant SEN) and nephew (Defendant RAJ) at FOODDIES.

28. Further, said investigation has identified evidence that Defendants SEN and RAJ absconded with said funds, by transferring the funds to other third-parties or themselves for their personal benefit.

29. Although the aforesaid conspiracy by Defendant N. ANIRUDHAN and her family members appears to have been ongoing for over a decade, Plaintiffs only uncovered the improper acts of the Defendants in 2025.

30. Additionally, a parallel investigation is being conducted by Plaintiff A. ANIRUDHAN and others in the United States and India regarding the circumstances of Madhavan Anirudhan's death, and the involvement of Defendant N. ANIRUDHAN regarding said death.

V. **CAUSES OF ACTION**

**COUNT I – CONVERSION (THEFT) (ILLINOIS)**

31. Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 set forth above.

32. Pursuant to Illinois law, Defendants N. ANIRUDHAN, SEN, and RAJ intentionally and without authorization obtained control over the Plaintiffs' and the business's money with the intent to permanently deprive the owners of its use and benefit.

33. The money was specific, identifiable property, and the Defendants' actions were unauthorized and wrongful.

34. As a result of the Defendants' conversion, Plaintiffs have suffered damages in excess of $179,000.00.

**COUNT II – BREACH OF FIDUCIARY DUTY (ILLINOIS)**

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 as set forth above.

36. As a representative of Plaintiff ESSEN and the spouse of the sole owner and principal of ESSEN, pursuant to Illinois law Defendant N. ANIRUDHAN owed a fiduciary duty to the Plaintiffs.

37. Defendant N. ANIRUDHAN breached this duty by using business assets for personal use, and/or by transferring funds to family members at FOODDIES without an actual business reason, and by concealing her actions.

38. As a direct and proximate consequence of the conduct of Defendants, and each of them as alleged herein, Plaintiffs have been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount not less than $179,000.00, said damages to be proven at the time of trial.

**COUNT III – UNJUST ENRICHMENT (ILLINOIS)**

39. Plaintiffs reallege and incorporate by reference paragraph 1 through 39 as set forth above.

40. Pursuant to Illinois law, Defendants N. ANIRUDHAN, SEN and RAJ have been unjustly enriched by the retention of the Plaintiffs' money and assets.

41. It would be unjust and inequitable to permit the Defendants to retain the benefits of their misconduct.

42. As a direct and proximate consequence of the conduct of Defendants, and each of them as alleged herein, Plaintiffs have been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount not less than $179,000.00, said damages to be proven at the time of trial.

**COUNT IV – ACTUAL FRAUD (ILLINOIS)**

43. Plaintiffs reallege and incorporate by reference paragraphs 1 through 43 as set forth above.

44. From 2012 to the present, Defendants committed actual fraud under Illinois law when they intentionally and improperly transferred funds and received funds, respectively, from ESSEN to FOODDIES for their own personal benefit.

45. As a direct and proximate consequence of the conduct of Defendants, and each of them as alleged herein, Plaintiffs have been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount not less than $179,000.00, said damages to be proven at the time of trial.

**COUNT V – VIOLATION OF 18 U.S.C. § 1962(c)**

46. Plaintiffs reallege and incorporate by reference paragraphs 1 through 45 as set forth above.

47. Plaintiffs allege that Defendants' conduct, and the conduct of each

6

Defendant named herein, constitutes racketeering as set forth in 18 U.S.C. § 1962(c). Specifically, Congress has defined "racketeering" to include wire fraud, or committing fraud by means of electronic transmissions over wire. The Defendants here engaged in multiple instances of wire fraud, in the form of numerous fund transfers from ESSEN in the United States to FOODDIES in India, for intentionally fraudulent purposes.

48. In summary, Section 1962(c) provides relief against parties who engage in a pattern of racketeering activity. Defendants are liable under this statute.

49. 18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…" 18 U.S.C. § 1962(c).

50. Each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because each Defendant is capable of holding, and does hold, "a legal or beneficial interest in property."

51. Defendants' activities include a multitude of acts of racketeering activity since 2012. Accordingly, Defendants' conduct constitutes a "pattern" of racketeering activity. 18 U.S.C. § 1961(5).

52. At all times relevant hereto, each Defendant conducted and participated in the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

53. At all times discussed herein, Defendants have been involved in a plan to scheme or defraud, have had the intent to defraud and have willfully participated in the scheme to defraud with actual knowledge of its fraudulent nature and with specific intent to defraud; and

7

could have reasonably foreseen that interstate wires would be used; and actually used interstate wires to further Defendants' scheme.

54. The wire transmissions described herein were made in furtherance of Defendants' scheme and common course of conduct.

55. As a direct and proximate consequence of the conduct of Defendants and each of them as alleged herein, Plaintiff has been injured in its business and property, causing Plaintiffs to suffer monetary damages in an amount not less than $179,000.00, said damages to be proven at trial.

56. Because of Defendants' violations of 18 U.S.C. § 1962(c), Defendants are liable to Plaintiff for three times the damages Plaintiffs have sustained, plus the cost of this suit, including reasonable attorneys' fees.

### COUNT VI – INJUNCTIVE RELIEF

57. Plaintiffs reallege and incorporate by reference paragraphs 1 through 56 as set forth above.

58. Defendant N. ANIRUDHAN is the owner of a residential property located at 15 Laurel Oak Ct. in Burr Ridge, Illinois 60527.

59. Plaintiffs are aware that said residential property is scheduled to be sold at a real estate closing in the coming days.

60. Plaintiffs are entitled to injunctive relief with regard to the proceeds from said anticipated sale.

61. Plaintiffs have suffered and will suffer irreparable injury if the proceeds from said anticipated sale are distributed to Defendant N. ANIRUDHAN prior to the adjudication of the instant lawsuit.

62. The hardship to Plaintiffs outweighs any possible hardship to Defendant N. ANIRUDHAN from the issuance of an injunction or related order placing the proceeds from the anticipated sale into escrow or an attorney's trust account.

63. Accordingly, Plaintiffs request that this court enter an order granting an injunction and/or freezing of the assets in question, by directing the proceeds from the anticipated sale into escrow or an attorney's trust account.

VI. **JURY DEMAND**

64. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Finding that all Defendants are jointly and severally liable for all damages caused to Plaintiff;

2. Awarding Plaintiffs monetary damages in an amount not less than $179,000.00, said amount to be proven at trial;

3. Awarding Plaintiffs enhanced (treble) monetary damages pursuant to 18 U.S.C. § 1962(c);

4. Awarding Plaintiffs its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

5. Awarding Plaintiffs punitive damages in a sum to be determined at trial or an amount otherwise to be decided by a jury;

6. Entering a preliminary and permanent injunction, without bond, enjoining Defendant N. ANIRUDHAN from accessing any proceeds from the anticipated sale of her residential property; and

7. Granting such other relief as the case may require or as may be deemed proper and equitable.

Dated this 10th day of November, 2025.　　　Respectfully submitted,

NATARAJAN WORSTELL LLC


By: s/ *Sreeram Natarajan*
Sreeram Natarajan (IL Atty No. 6283603)
415 N. Cass Ave.
Westmont, IL 60559
Email: ram@natarajanlegal.com


*Attorneys for Plaintiffs*
*Arun Anirudhan and*
*Essen Nutrition Corporation*